Nathan R. Starnes, ISB #7484
LITSTER FROST INJURY LAWYERS
3501 W. Elder St., Suite 108
Boise, Idaho 83705
Telephone: (208) 489-6400
Facsimile: (208) 489-6404
Nathan@LitsterFrost.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY LOU WISER, individually;<br><br>                **Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, a governmental entity of an unknown form; UNITED STATES POSTAL SERVICE, a governmental entity of an unknown form,<br><br>                **Defendant.** | Case No.<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Mary Lou Wiser, by and through her attorneys of record, Litster Frost Injury Lawyers, and complains and alleges against Defendant as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) for negligence by the United States Postal Service.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.), for money damages as compensation for personal injuries cause by Defendants negligence

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

4. This suit has been timely filed, in that Plaintiff timely served notice of this claim on USPS less than two years after the incident forming the basis of this complaint.

5. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the USPS notice of "final denial of administrative claim."

## PARTIES

6. Mary Lou Wiser (hereinafter "Plaintiff" or "Ms. Wiser") is a resident of the city of Nampa, in the count of Canyon, Idaho.

7. United States of America through its agency, the United States Postal Office (hereinafter "Defendant" or "USPS") operates a facility located at 123 11th Ave S, Nampa, Idaho.

8. This Complaint is to be considered a "notice pleading" to Defendant. By this Complaint, Defendant is provided notice that Plaintiff asserts any and all legal and equitable theories and causes of action arising out of, resulting in, implied, and/or inferred from the facts and occurrences set forth in the Complaint. Further, Plaintiff states that this "notice pleading" also provides notice to Defendant that all legal and equitable remedies applicable under all of the facts and circumstances of this case are sought.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1)

10. Venue is proper under 28 U.S.C. § 1402(b) in that all or a substantial part of the

COMPLAINT - 2

acts forming or omissions forming the basis of these claims occurred in the District of Idaho.

## FACTS

11.    Plaintiff restates the allegations contained in paragraphs 1 through 10, above.

12.    On or about August, 24 2016, Plaintiff was walking in the parking lot of the United States Post Office located at 123 11th Ave S, Nampa, Idaho.

13.    There existed a "pot hole" in the middle of a parking space at the time of Plaintiff's injury

14.    While plaintiff was walking through the parking lot, in an effort to avoid a car which was backing out, she stepped in, and tripped over the "pot hole"

15.    Due to Plaintiff tripping over the "pot hole" she fell and sustained a serious injury to her body.

16.    No warning signs or cautionary cones were displayed at or near the "pot hole" to notify the public or business invitees of the hazardous condition of the floor.

17.    At all material times Defendants knew, or through the exercise of reasonable diligence should have known, that the "pot hole" was dangerous and/or presented an unreasonable risk of harm to the Plaintiff and the public.

## COUNT ONE

18.    Plaintiff restates the allegations contained in paragraphs 1 through 17, above.

19.    On or about August, 24 2016, Defendant had a duty to:

    a.  Maintain the premises in a safe condition;

    b.  Correct a known dangerous condition;

    c.  Warn of a known dangerous condition;

    d.  Repair and/or maintain its premises;

    e.  Protect Plaintiff and the public from unreasonable risk(s) of harm;

      f. Exercise reasonable care under the circumstances;

      g. Inspect and monitor the condition of the premises; and

      h. Abide by its own rules and regulations, and by all pertinent laws and regulations of all relevant jurisdictions.

24. On or about August, 24 2018, Defendant breached its duties in the Defendant, and failed to:

      a. Maintain the premises in a safe condition;

      b. Correct a known dangerous condition;

      c. Warn of a known dangerous condition;

      d. Repair and/or maintain its premises;

      e. Protect Plaintiff and the public from unreasonable risk(s) of harm;

      f. Exercise reasonable care under the circumstances;

      g. Inspect and monitor the condition of the premises; and

      h. Abide by its own rules and regulations, and by all pertinent laws and regulations of all relevant jurisdictions.

25. As a direct, proximate, and legal result of the negligence, gross negligence, recklessness and/or intentional acts of the Defendant, Plaintiff fell. As a direct, proximate, and legal result of her fall, Plaintiff has incurred special damages and general damages in excess of $10,000.00, and in an amount to be proven at trial.

## COUNT TWO

26. Plaintiff restates the allegations contained in paragraphs 1 through 25 herein.

27. As a direct, proximate, and legal result of the acts of Defendant, it has been necessary for Plaintiff to hire the law firm of Litster Frost Injury Lawyers and, therefore, Defendant is liable for Plaintiff's attorney fees and costs pursuant to Idaho law.

**COMPLAINT - 4**

## DEFAULT

28. A reasonable amount for attorney fees and costs in the event of default is $5,000.00 (Five Thousand Dollars) or one-third of the amount recovered, whichever is greater. In the event this matter is contested, Plaintiff should be awarded such other and further relief as determined by the Court according to Idaho law.

## DAMAGES

29. As a proximate and/or producing result of Defendant's intentional acts, negligence, gross negligence, and/or recklessness, Plaintiff has suffered injuries and damages.

30. There may be other factors affecting Plaintiff's damages. However, the negligent acts, omissions, gross negligence, and/or recklessness of Defendant was a substantial factor in causing the damages.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, as follows:

1. For an award of special and general damages in an amount to be determined at the time of trial.

2. For an award of attorney fees and costs incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 17 day of August, 2018

LITSTER FROST INJURY LAWYERS

_____
Nathan R. Starnes
Attorneys for Plaintiff